UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br>600 Pennsylvania Ave, N.W.<br>Washington, DC 20580<br><br>            Plaintiff,<br><br>            v.<br><br>AJM PACKAGING CORPORATION,<br>a corporation,<br>E-4111 Andover Road, Suite 100<br>Bloomfield Hills, MI 48302<br><br>            Defendant. | Case No. 1:13-cv-1510 |

**COMPLAINT FOR PERMANENT INJUNCTION, CIVIL PENALTIES, AND OTHER RELIEF**

Plaintiff, the Federal Trade Commission ("FTC" or "Commission") alleges:

1.      The FTC brings this action under Sections 5(*l*) and 16(a) of the Federal Trade Commission Act as amended ("FTC Act"), 15 U.S.C. §§ 45(*l*) and 56(a), to obtain monetary civil penalties and other relief for Defendant's violations of a final Commission order.

**JURISDICTION AND VENUE**

2.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331, 1337(a), 1345, and 1355, and 15 U.S.C. §§ 45(*l*) and 56(a).

3.      Venue in this district is proper under 28 U.S.C. §§ 1391(b-c) and 1395(a).

**DEFENDANT**

4.      Defendant AJM Packaging Corporation ("Defendant" or "AJM") is a Michigan corporation with its principal place of business at E-4111 Andover Road, Suite 100, Bloomfield

1

Hills, MI 48302.  At all times material to this complaint, Defendant has participated in the acts and practices described in this complaint.  Defendant transacts business in this district.

## COMMERCE

5.    At all times material to this complaint, Defendant has maintained a substantial course of trade in or affecting commerce, as "commerce" is defined in Section 4 of the FTC Act, 15 U.S.C. § 44.

## PRIOR COMMISSION PROCEEDING

6.    In a Commission proceeding bearing Docket No. C-3508, the Commission charged AJM with misrepresenting that its paper plates were biodegradable and recyclable and failing to possess substantiation for those claims.

7.    On July 19, 1994, the Commission entered its decision and order ("AJM Consent Order") approving a settlement with the Defendant.  The AJM Consent Order states:

I.

*It is ordered*, That respondents AJM Packaging Corporation, a corporation, its successors and assigns, and its officers, and Abram Epstein, individually and as officer of said corporation, and respondents, representatives, agents, and employees, directly or through any corporation, subsidiary, division, or other device, in connection with the advertising, labeling, offering for sale, sale, or distribution of any paper product or package, in or affecting commerce, as "commerce" is defined in the Federal Trade Commission Act, do forthwith cease and desist from representing, in any manner, directly or by implication:

(1) That any such product or package is degradable, biodegradable, or photodegradable; or,
(2) Through the use of such terms as degradable, biodegradable, photodegradable, or any other substantially similar term or expression, that the degradability of any such product or package offers any environmental benefit when disposed of as trash that is ordinarily buried in a sanitary landfill,

unless, at the time of making such representation, respondents possess and rely upon competent and reliable scientific evidence that substantiates the representation.  For purposes of this order, competent and reliable scientific evidence shall mean tests, analyses, research, studies, or other evidence based on

2

the expertise of professionals in the relevant area, that has been conducted and evaluated in an objective manner by persons qualified to do so, using procedures generally accepted in the profession to yield accurate and reliable results.

II.

*It is further ordered*, That respondents AJM Packaging Corporation, a corporation, its successors and assigns, and its officers, and Abram Epstein, individually and as officer of said corporation, and respondents' representatives, agents, and employees, directly or through any corporation, subsidiary, division, or other device, in connection with the advertising, labeling, promotion, offering for sale, sale, or distribution of any paper product or package in or affecting commerce, as "commerce" is defined in the Federal Trade Commission Act, do forthwith cease and desist from misrepresenting, in any manner, directly or by implication, the extent to which any such paper product or package is capable of being recycled or the extent to which recycling collection programs for such product or package are available.

III.

*It is further ordered*, That respondents AJM Packaging Corporation, a corporation, its successors and assigns, and its officers, and Abram Epstein, individually and as officer of said corporation, and respondents' representatives, agents, and employees, directly or through any corporation, subsidiary, division, or other device, in connection with the advertising, labeling, promotion, offering for sale, sale, or distribution of any product or package in or affecting commerce, as "commerce" is defined in the Federal Trade Commission Act, do forthwith cease and desist from representing, in any manner, directly or by implication, that any such product or package offers any environmental benefit, unless, at the time of making such representation, respondents possess and rely upon competent and reliable evidence, which when appropriate must be competent and reliable scientific evidence, that substantiates such representation.

8. The AJM Consent Order defines "Product or Package" as "any product or package, including but not limited to bags and plates, that is offered for sale, sold, or distributed to the public by respondents, their successors and assigns, under the 'Nature's Own Green Label' brand name or any other brand name of respondents, their successors and assigns; and also means any such product or package sold or distributed to the public by third parties under private labeling agreements with respondents, their successors and assigns."

9.     A copy of the AJM Consent Order is attached to the Complaint as Exhibit A.  The FTC served the AJM Consent Order and it remains in full force.

## DEFENDANT'S CONDUCT

10.    Defendant manufactures, labels, offers for sale, sells, and distributes paper goods, including paper plates, bags, cups, bowls, napkins, and table covers ("Products") throughout the United States.

11.    Defendant describes itself as  "a leading manufacturer" of paper products, and describes certain Products, including its AJM lunch bags and "Green Label" paper plates, as "national brand leaders."

12.    To induce consumers to purchase its Products, Defendant has disseminated, or caused to be disseminated, packaging and labeling for its Products, including, but not limited to, Nature's Own Green Label® and Gold Label® paper plates, AJM Lunch Bags, AJM grocery bags, and Bio-Save™ Lawn & Leaf Bags, which prominently state that the Products are "BIODEGRADABLE" and "COMPOSTABLE."  (Exhibits B-F).  The packaging for Defendant's paper plates also prominently states that the plates are "RECYCLABLE."  (Exhibits B and C).

13.    Defendant has disseminated, or caused to be disseminated, a product brochure that states:  "AJM Packaging Corporation is 'SFI' and 'Cedar Grove' approved, which means our products are 'Renewable, Recyclable and Compostable.'"  (Exhibit G).

14.    In making the statements described in Paragraphs 12-13, Defendant has represented, directly or indirectly, expressly or by implication, that its Products offer environmental benefits, including:

    A.    Products will biodegrade (*i.e.*, completely break down and decompose into elements found in nature) within one year when disposed of as trash that is ordinarily buried in a sanitary landfill;

    B.    Products will break down into, or otherwise become part of, usable compost (*e.g.*, soil-conditioning material or mulch) in a safe and timely manner (*i.e.*, in approximately the same time as the materials with which they are composted) in a home composting pile or device;

    C.    Products will break down into, or otherwise become part of, usable compost (*e.g.*, soil-conditioning material or mulch) in a safe and timely manner (*i.e.*, in approximately the same time as the materials with which they are composted) in a municipal or institutional composting facility and such a facility is available to a substantial majority of consumers in the areas where Defendant sells its Products; and

    D.    Defendant's paper plates are recyclable at recycling facilities available to a substantial majority of consumers or communities where Defendant sells its paper plates.

15.    The vast majority of consumers cannot recycle paper plates because few if any recycling facilities recycle paper plates.

## FIRST CAUSE OF ACTION

16.    Through the statements described in Paragraph 12, Defendant has represented that its Products offer an environmental benefit because they will biodegrade within one year when disposed of as trash that is ordinarily buried in a sanitary landfill.

17. Defendant does not possess, and did not possess at the time it made the representation, competent and reliable evidence to substantiate the representation described in Paragraph 16. Therefore, Defendant has violated Parts I and III of the AJM Consent Order.

## SECOND CAUSE OF ACTION

18. Through the statements described in Paragraphs 12-13, Defendant has represented that its Products offer environmental benefits, including:

    A. The Products will break down into, or otherwise become part of, usable compost (*e.g.*, soil-conditioning material or mulch) in a safe and timely manner (*i.e.,* in approximately the same time as the materials with which they are composted) in a home composting pile or device; and

    B. A municipal or institutional composting facility is available to a substantial majority of consumers in the areas where Defendant sells its paper plates and bags.

19. Defendant does not possess, and did not possess at the time it made the representations, competent and reliable evidence to substantiate the representations described in Paragraph 18. Therefore, Defendant has violated Part III of the AJM Consent Order.

## THIRD CAUSE OF ACTION

20. Through the statements described in Paragraphs 12-13, Defendant has represented that its paper plates offer an environmental benefit because they are recyclable at recycling facilities available to a substantial majority of consumers or communities where Defendant sells its paper plates.

21. Defendant does not possess, and did not possess at the time it made the representation, competent and reliable evidence to substantiate the representation described in Paragraph 20. Therefore, Defendant has violated Part III of the AJM Consent Order.

## FOURTH CAUSE OF ACTION

22. Through the statements described in Paragraphs 12-13, Defendant has misrepresented the extent to which its paper plates are capable of being recycled or the extent to which recycling collection programs for such paper plates are available. Therefore, Defendant has violated Part II of the AJM Consent Order.

## CIVIL PENALTIES

23. Each representation Defendant has made in violation of the AJM Consent Order constitutes a separate violation for which Plaintiff may seek civil penalties.

24. Each day Defendant has made, or has continued to make, representations in violation of the AJM Consent Order constitutes a separate violation for which Plaintiff may seek civil penalties.

25. Section 5(*l*) of the FTC Act, 15 U.S.C. § 45(*l*), as modified by Federal Civil Penalties Inflation Adjustment Act of 1990, 28 U.S.C. § 2461, and Section 1.98(c) of the FTC's Rules of Practice, 16 C.F.R. § 1.98(c), authorizes the Court to award monetary civil penalties of up to $16,000 for each such violation of the AJM Consent Order.

26. Under Section 5(*l*) of the FTC Act, 15 U.S.C. § 45(*l*), this Court is authorized to permanently enjoin Defendant from violating the AJM Consent Order and grant ancillary relief.

## PRAYER FOR RELIEF

27. WHEREFORE, Plaintiff requests this Court, pursuant to 15 U.S.C. §§ 45(*l*) and 56(a), and pursuant to the Court's own equitable powers, to:

(1) Enter judgment against Defendant and in favor of the Plaintiff for each violation alleged in this Complaint;

(2) Award Plaintiff monetary civil penalties from Defendant for each violation of the AJM Consent Order alleged in this Complaint;

(3) Enjoin Defendant from violating the AJM Consent Order;

(4) Award Plaintiff its costs and attorneys' fees incurred in connection with this action; and

(5) Award Plaintiff such additional relief as the Court may deem just and proper.

Respectfully submitted,

JONATHAN E. NUECHTERLEIN
General Counsel

Dated 9/30/13

MEGAN A. BARTLEY
ROBERT FRISBY (DC Bar No. 411554)
Federal Trade Commission
600 Pennsylvania Avenue, N.W., M-8102B
Washington, DC 20580
(202) 326-3424, mbartley@ftc.gov
(202) 326-2098, rfrisby@ftc.gov

Attorneys for Plaintiff
FEDERAL TRADE COMMISSION